UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAYMOND A. VANVALKENBURG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00695-JRS-MJD |
| ) | |
| T.J. WATSON, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Petitioner to Show Cause**

Raymond Vanvalkenburg, an inmate at the Federal Correctional Institution in Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the Court finds that the petition must be denied, and the petitioner is ordered to show cause why the petition should not be dismissed.

**I. Factual and Procedural Background**

On January 21, 2015, Mr. Vanvalkenburg was charged in a three-count indictment with possessing with intent to distribute 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841 and 841(b)(1) (Count 1), using a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(a) (Count 2), and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3). *United States v. Vanvalkenburg*, 8:15-cr-00023-JFB-TDT-1 (D. Neb.) ("Cr. Dkt.") dkt. 1. Mr. Vanvalkenburg pleaded guilty to Counts 1 and 2 of the indictment. Cr. Dkt. 21. On October 16, 2015, the district court accepted his plea and sentenced him to 133 months imprisonment. Cr. Dkt. 25. Pursuant to the plea agreement, Count 3 was dismissed. Cr. Dkt. 21, 25.

Mr. Vanvalkenburg did not appeal, but on August 21, 2020, he filed a motion for relief pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence under *United States v. Davis*, 139 S. Ct. 2319, 2323 (2019) and *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016). Cr. Dkt. 32. The district court denied Mr. Vanvalkenburg's petition, concluding that *Davis* and *Mathis* are inapplicable to his claims. *Id.*

## II. Discussion

In his petition for a writ of habeas corpus, Mr. Vanvalkenburg challenges his conviction arguing that his convictions are invalid under *Mathis* and *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

Mr. Vanvalkenburg's habeas petition under 28 U.S.C. § 2241 is subject to preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing § 2254 Cases* (applicable to § 2241 petitions pursuant to Rule 1(b)); *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4.

To proceed under § 2241, a motion pursuant to 28 U.S.C. § 2255 must be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

Based on Mr. Vanvalkenburg's petition and a review of the docket in his underlying criminal case, the Court concludes that Mr. Vanvalkenburg is not entitled to relief under § 2241.

First, Mr. Vanvalkenburg argues that his conviction for using a firearm during and in relation to a drug trafficking crime is invalid in light of *Mathis*. He contends that he is entitled to pursue his *Mathis* claim in this § 2241 petition because he was time-barred from bringing his *Mathis* challenge when he filed his § 2255. *Mathis* was decided in 2016 and he did not file his § 2255 motion until 2020. But he was not barred from bringing a timely § 2255 motion based on *Mathis*. First, 28 U.S.C. § 2255(f) provides that its one-year statute of limitations may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Thus, if *Mathis* is retroactive, Mr. Vanvalkenburg could have brought a timely § 2255 motion based on *Mathis* if he had filed it within one year of the *Mathis* decision. The fact that he did not file his § 2255 motion until August of 2020 does not make § 2255 ineffective or inadequate. Moreover, Mr. Vanvalkenburg did in fact raise a *Mathis* claim in his § 2255 and the district court considered it on the merits. Cr. Dkt. 33. His lack of success on that motion does not make § 2255 inadequate or ineffective.

Next, Mr. Vanvalkenburg relies on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), to challenge Count 3 of the indictment. The Supreme Court held in *Rehaif* that, to be convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), a person must know that he or she belongs to a group covered under the statute barring possession of firearms. But the record shows that Count 3, which charged Mr. Vanvalkenburg with being a felon in possession of a firearm, was dismissed as part of his plea agreement. Cr. Dkt. 21, 25. *Rehaif* therefore has no applicability to his convictions.

### III. Conclusion

For the foregoing reasons, Mr. Vanvalkenburg's petition for a writ of habeas corpus must be denied. Mr. Vanvalkenburg shall have **through February 5, 2021**, to show cause why this action should not be dismissed for the reasons explained above.

**IT IS SO ORDERED.**

Date: 1/8/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAYMOND A. VANVALKENBURG
27163-047
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808